■ CITY OF BUFFALO, Appellant, v AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, Respondent. — Order unanimously affirmed, with costs. Memorandum: In 1978 appellant city initiated disciplinary charges seeking removal of an employee named David Kelly. The charges were withdrawn while the proceeding was pending on condition that Kelly resign from his employment. An agreement was executed by the parties effecting the settlement, the terms of which provided that Kelly would be granted a one-year leave of absence without pay. His department head agreed to and did approve the leave, but the State Comptroller whose consent was also required, refused to do so (see Retirement and Social Security Law, § 41, subd i). Respondent contends that the city has breached the settlement agreement and therefore violated the collective bargaining agreement by dismissing Kelly without a hearing. It moved for an order

compelling arbitration. Appellant maintained that it did all that it promised to do in the settlement agreement and it sought a judicial determination that it had not breached the settlement agreement. It moved for an order staying arbitration. We agree with Special Term that the arbitration provisions of the collective bargaining agreement are broad enough to encompass arbitration of the dispute between the parties concerning whether the city has violated the disciplinary provisions of the collective bargaining agreement. Appellant's performance or nonperformance of the settlement agreement is a matter for the arbitrator, the absence of an arbitration provision in the settlement agreement notwithstanding (see *Matter of Schlaifer v Sedlow*, 51 NY2d 181). (Appeal from order of Erie Supreme Court — arbitration.) Present — Cardamone, J.P., Simons, Hancock, Jr., Doerr and Moule, JJ.